NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
Chicago, Illinois 60604

Argued September 27, 2013
Decided September 30, 2013

### Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 13-1244 <br><br> MARVA BROWN, <br>     *Plaintiff-Appellant*, <br><br>     *v.* <br><br> CITY OF INDIANAPOLIS DEPARTMENT <br> OF PUBLIC WORKS, <br>     *Defendant-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:11-cv-0342-RLY-DKL <br> Richard L. Young, *Chief Judge*. |

**Order**

Local law requires employees of Indianapolis to live within Marion County. (The city and county are coterminous.) The City's Department of Public Works fired Marva Brown after concluding that she lives outside Marion County. She filed a charge of discrimination and contends in this suit that the Department engaged in race discrimination. The district court granted summary judgment for the Department. 2013 U.S. Dist. LEXIS 948 (S.D. Ind. Jan. 3, 2013).

The parties' briefs devote unnecessary energy to the question whether Brown has established a prima facie case of discrimination. Once the employer provides a non-discriminatory explanation for its decision, however, the question becomes whether that explanation is pretextual—and an honestly held explanation differs from a pretext for discrimination. See *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

Brown insists that the Department is wrong, but that's not the issue. The district judge concluded that a reasonable jury could not doubt the honesty of the Department's explanation. The record demonstrates that the Department attempts to enforce the residence requirement for all workers. Its decision that Brown resides elsewhere, but that some other employees live within Marion County, shows that it may be hard to determine residence when employees try to deceive their employer; it does not imply that these decisions were made on the basis of race rather than the merits. It is unnecessary to elaborate further on the opinion of the district court, whose judgment is

AFFIRMED.